Dear Senator Schedler:
You have requested an opinion from this office regarding the imposition of a use tax on a vehicle brought into Louisiana by a person relocating to this state when sales tax was paid on that vehicle in the state from which the individual moved.
The authority of the Department of Revenue and Taxation to collect a use tax is contained in La. R.S. 47:302(A) and (A)(1). The tax is levied on tangible personal property that will be used in this state. For purposes of this opinion, we will assume there is no dispute that an automobile is tangible personal property. The Louisiana Administrative Code (LAC), Title 61, Chapter 43, contains a definition of use tax which states:
 Use tax is the tax paid under this Chapter for the use, consumption, distribution, or storage for use, distribution, or consumption within this state in lieu of sales taxes. This is the tax required to be paid if no sales tax has been paid on tangible personal property which is used, consumed, distributed, or stored for use within this state. (61:I.4303)
La. R.S. 47:302(A)(1) expressly states that "there shall be no duplication of the tax." The jurisprudence in this state has firmly established that the sales tax and the use tax are different, complementary taxes with the goal of making "all tangible personal property used or consumed within the state subject to a uniform tax burden irrespective of whether it is acquired in the state, making it subject to the sales tax, or acquired from without the state, making it subject to the use tax at the same rate." Chicago Bridge Iron Co. v. Cocreham,317 So.2d 605 (La. 1975).
La. R.S. 47:303(A)(3) provides:
 A credit against the use tax imposed by this Chapter shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another state. The credit provided herein shall be granted only in the case where the state to which a similar tax has been paid grants a similar credit as provided herein, provided that members of the armed forces who are citizens of this state and whose orders or enlistment contracts stipulate a period of active duty of two years or more and who purchase automobiles outside of the state of Louisiana while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the state to which such tax thereon has been paid grants a similar credit as herein provided. The amount of the credit shall be calculated by multiplying the rate of the similar tax paid in the other state by the cost price which is subject to Louisiana use tax at the time of the importation of the tangible personal property. The proof of payment of similar tax to another state shall be made according to rules and regulations promulgated by the secretary. In no event shall the credit be greater than the tax imposed by Louisiana upon the particular tangible personal property which is the subject of the Louisiana use tax.
Colonel Percival states in his letter to you that the use tax being assessed was equivalent to the sales tax in this state. This is correct, as provided in La. R.S. 47:302. He also states that he produced the bill of sale for the automobile showing that sales tax had been paid in the state where the vehicle was purchased. What is not known is whether or not that state provides the same credit as does Louisiana as provided in La. R.S. 47:303(A)(3). If so, then it would appear that he is entitled to a credit of some kind. If not, then no such credit would be available. The particular method of verification of payment of the sales tax can be obtained from DMV.
I hope this is responsive to your request. However, should you require any additional information, please contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb